UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| EVERARDO ZEPEDA CABALLERO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>　　　　Defendant. | Case No. ED CV 14-00964-DFM<br><br>MEMORANDUM OPINION AND ORDER |

　　Plaintiff Everardo Zepeda Caballero appeals from the final decision of the Administrative Law Judge ("ALJ") denying his application for Social Security disability insurance benefits. Because the Court concludes that the ALJ erred in finding that Plaintiff's medically determinable impairments were non-severe, the ALJ's decision is reversed and the matter is remanded for further proceedings consistent with this opinion.

## I.

## BACKGROUND

　　Plaintiff filed his application for benefits on April 8, 2011, alleging disability beginning June 30, 2010. Administrative Record ("AR") 14. The

ALJ found that Plaintiff had the following medically determinable impairments: obesity, strain of the cervical and lumbar region, protruded lumbar disc, sprain of the collateral ligaments of the right knee, asthma, hypertension, hypothyroidism, peripheral neuropathy of the right hand, degenerative changes of the feet, and depression. AR 16. However, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that significantly limited his ability to perform basic work-related activities for 12 consecutive months; therefore, the ALJ concluded Plaintiff did not have a severe impairment or combination of impairments. Id. As a result, the AJL concluded that Plaintiff was not disabled. AR 25.

## II.
## ISSUE PRESENTED

The parties dispute whether the ALJ's determination at step two of the five-step evaluation process that Plaintiff did not suffer from any severe impairments was erroneous. See Joint Stipulation ("JS") at 3.

## III.
## DISCUSSION

At step two, an immediate finding of non-disability is appropriate if a claimant is not suffering from a severe impairment. 20 C.F.R. § 404.1520(a)(4)(ii). Step two thus serves as "a de minimis screening device to dispose of groundless claims." Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996). An impairment is not severe "only if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual[']s ability to work." Id. (internal quotation marks and citation omitted). Such a finding must be "'clearly established by medical evidence.'" Webb v. Barnhart, 433 F.3d 683, 687 (9th Cir. 2005) (quoting Social Security Ruling ("SSR") 85-28, 1985 WL 56856, at *3).

///

A severe impairment or combination of impairments exists when these impairments have more than a minimal effect on an individual's ability to do basic work activities. See Webb, 433 F.3d at 686; see also 20 C.F.R. § 404.1521(a) ("An impairment or combination of impairments is not severe if it does not significantly limit [a person's] physical or mental ability to do basic work activities."). Basic work activities are "the abilities and aptitudes necessary to do most jobs," including physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying or handling. 20 C.F.R. § 404.1521(b); Webb, 433 F.3d at 686. If a claimant meets his burden of demonstrating he suffers from an impairment affecting his ability to perform basic work activities, "the ALJ must find that the impairment is 'severe' and move to the next step in the SSA's five-step process." Edlund v. Massanari, 253 F.3d 1152, 1160 (9th Cir. 2001); see also Webb, 433 F.3d at 686.

Plaintiff's medical record includes a January 24, 2012 finding by Dr. Vicente Bernabe, an examining orthopedist, who found that Plaintiff has a "musculoligamentous strain of the cervical and lumbar regions" of his back on the basis of x-rays showing "a slight loss of cervical lordosis" and a "straightening of lumbar lordosis." AR 279-80. Dr. Bernabe found that Plaintiff was limited to lifting and carrying 50 pounds occasionally and 25 pounds frequently. AR 280. He also found that Plaintiff could walk and stand six hours out of an eight-hour workday. Id. An agency reviewing physician, Dr. Leonard Naiman, reviewed Dr. Bernabe's assessment and agreed that Plaintiff was limited to medium work. AR 81.

The limitations imposed by Dr. Bernabe's assessment contradicted the findings of Dr. Jeff Sao, who performed an internal medicine examination of Plaintiff on July 7, 2011. AR 254-59. Dr. Sao found no functional limitations, finding that Plaintiff could lift and carry without limitations and could walk or stand without restriction. AR 258. An agency reviewing physician, Dr. J.

Hartman, reviewed Dr. Sao's report and agreed that Plaintiff did not have any functional limitations. AR 69.

Plaintiff's medical record also included a June 30, 2011 functional capacity report written by Dr. Cindy Clayton, who evaluated Plaintiff based on a series of functional tests. AR 294-306. For instance, Dr. Clayton observed that Plaintiff reported pain in his lower back during the "standing, walking, lifting, carrying, pushing, pulling, and crawling on hands and knees test(s)." AR 305. Among other notable outcomes, Dr. Clayton reported that Plaintiff could only stand for 15 minutes at a time and could only walk six-tenths of a mile in 30 minutes. AR 302. Based on Plaintiff's performance, Dr. Clayton concluded that Plaintiff was limited in several ways, including to lifting no more than 20 pounds occasionally and 10 pounds frequently and to not standing for more than 15 minutes continuously. AR 305.

The ALJ evaluated this conflicting record by giving "great weight" to the opinions of Drs. Sao and Hartman that Plaintiff does not have a severe impairment or combination of impairments. AR 23. On the other hand, the ALJ used similar language to reject the opinions of Drs. Bernabe, Naiman, and Clayton, concluding that the "overly restrictive limitations" found by these physicians were not "supported by the objective and clinical evidence of record." AR 23, 24. Furthermore, the ALJ faulted each of these physicians for relying "more" on Plaintiff's subjective complaints, which the ALJ found "only partially credible." AR 23, 24. The ALJ concluded that Dr. Sao's opinion was "best supported by the objective evidence." AR 24.

The Court finds problematic the ALJ's reliance on the opinions of Dr. Sao and Dr. Hartman and dismissal of the opinions of Drs. Bernabe, Naiman, and Clayton for two reasons. First, Dr. Sao—on whom Dr. Hartman in turn relied—is an internal medicine specialist, not an orthopedic specialist (like Dr. Bernabe). The regulations require the ALJ to generally give more weight, not

less, to the opinion of a specialist about medical issues related to his area of specialty than to the opinion of a source who is not a specialist. See 20 C.F.R. § 404.1527(c)(5); Smolen, 80 F.3d at 1285 ("[T]he opinions of a specialist about medical issues related to his or her area of specialization are given more weight than the opinions of a nonspecialist."). Second, the ALJ's conclusion that the limitations imposed by Drs. Bernabe, Naiman, and Clayton were "not supported by the objective and clinical evidence of record" is difficult to reconcile with the various diagnostic reports finding at least some abnormalities in Plaintiff's knees and back. See, e.g., AR 230 (electrodiagnostic results showing possible left peroneal motor neuropathy); AR 313 (MRI results of lumbar spine showing numerous bulging discs); AR 317 (MRI results showing internal degeneration of right knee meniscus). The ALJ describes these and other results as "minimal," see AR 20, but the ALJ is not permitted to substitute his own lay opinion for that of trained physicians, see Garcia v. Astrue, No. 10-0259, 2011 WL 4479843, at *8 (E.D. Cal. Sept. 26, 2011), and there is nothing in the record to indicate that these results should be so interpreted, much less used to undermine the opinions of three physicians including the only examining doctor whose specialty corresponded to Plaintiff's impairments. Together, these two concerns leave the Court unable to find that there is substantial evidence to support the ALJ's ultimate conclusion that Dr. Sao's opinion is "best supported by the objective evidence."

  In sum, the Court finds that the medical evidence does not clearly establish that Plaintiff's impairments are non-severe. Accordingly, the Court concludes that the ALJ's step two determination was not supported by substantial evidence in the record.

  The decision whether to remand for further proceedings is within this Court's discretion. Harman v. Apfel, 211 F.3d 1172, 1175-78 (9th Cir. 2000).

1  Where no useful purpose would be served by further administrative
2  proceedings, or where the record has been fully developed, it is appropriate to
3  exercise this discretion to direct an immediate award of benefits. <u>Id.</u> at 1179
4  (noting that "the decision of whether to remand for further proceedings turns
5  upon the likely utility of such proceedings"); <u>see also</u> <u>Benecke v. Barnhart</u>, 379
6  F.3d 587, 593 (9th Cir. 2004).

7       A remand is appropriate, however, where there are outstanding issues
8  that must be resolved before a determination of disability can be made and it is
9  not clear from the record that the ALJ would be required to find the claimant
10 disabled if all the evidence were properly evaluated. <u>Bunnell v. Barnhart</u>, 336
11 F.3d 1112, 1115-16 (9th Cir. 2003); <u>see also</u> <u>Connett v. Barnhart</u>, 340 F.3d 871,
12 876 (9th Cir. 2003). Here, although the evidence meets the <u>de minimis</u>
13 threshold requirements of severity, it may or may not be sufficient to ultimately
14 establish disability. However, that is not a determination that the Court can
15 make on the record before it. Accordingly, remand is appropriate here for the
16 ALJ to continue the five-step sequential evaluation process.

## IV.
## CONCLUSION

19      For the reasons stated above, the decision of the Social Security
20 Commissioner is REVERSED and the action is REMANDED for further
21 proceedings consistent with this opinion.

23 Dated: March 6, 2015

                                              DOUGLAS F. McCORMICK
                                              United States Magistrate Judge